**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHNNY C. COOKSEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-CV-1469-RWS |
| ATTORNEY W. MICHAEL | : |
| WATERS, et al. | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Stenographic Recording or Transcription from a Nonparty [18], Plaintiff's Motion to Strike [19], Plaintiff's Motion for Prohibitive Injunction Relief [22], Plaintiff's Motion to Amend the Pleadings [25], Plaintiff's Motion to Amend [32], Plaintiff's Motion for Summary Judgment [33], Defendant Water's Motion for Summary Judgment [35], and Defendant Alexander, Royston, Hardman & Shinall, LLP's Motion for Summary Judgement [47]. After a review of the record, the Court enters the following Order.

**I. Factual Background**

Plaintiff Johnny Cooksey, appearing *pro se*, filed a suit on May 15, 2009 alleging civil rights violations under 42 U.S.C. §1985(3) and 42 U.S.C. §1986. This case arises out of an easement located in Newton County, Georgia. (`Plaintiff's Complaint ("Pl.'s Compl."), Dkt. No. 1 at ¶ 5).[1]  Plaintiff obtained an "expressed" seventy-foot wide easement when he purchased two "land locked" parcels of land from William Owensby–the son of the predecessors in interest to the current servient-tenement holders.[2]  (Id.)  Defendants Allan and Lora Maxwell purchased land next to Cooksey in March 2000–land which was also benefitted by the servient tenement.  (Id.)

In June 2001, Plaintiff attempted to get his land rezoned so that he could build a church. (Id. at ¶ 7). However, his conditional use permit was opposed by the Maxwells, and the permit was subsequently denied by the Board of Commissioners.  (Id.)

---

[1]Much of the factual discussion comes from the Complaint as this is the clearest statement of the relevant background facts.

[2]Cooksey's actual deed was not attached as an exhibit in this action.  However, in the Probate hearing, Cooksey states that there is a record of his easement in the County Records. See Probate Hearing Transcript, Dkt. No. [35-4] at 6:17-23.

In 2006, the Maxwells purchased the servient tenement from their neighbors–the Owensbys–at the same time that Plaintiff began preparing his land for sale. (Id. at ¶ 8). About the time that Plaintiff entered into a contract for sale with a buyer, the Maxwells put up a sign which stated "No Trespassing. Trespassers will be shot, Survivors will be shot again." (Id. at 10). Upon learning that this sign upset Plaintiff, the Defendants removed the sign shortly thereafter. (Defendant Lora Maxwell's Answer, Dkt. No. [11] at ¶ 10).

Soon after the sign issue, the Maxwells began putting up a fence along the length of the easement and gates at each entrance and exit. (Pl.'s Compl., Dkt. No. 1 at ¶ 12). In response, Plaintiff filed an action in the Probate Court seeking to remove the obstruction from the easement. (Plaintiff's Probate Complaint, Dkt. No. [35-4] at 1). The Maxwells were represented by attorney Michael Waters in the dispute. After an initial continuance, that claim was ultimately dismissed for lack of subject matter jurisdiction because Georgia Probate Courts do not have jurisdiction over private rights of way over twenty feet wide. (Probate Order, Dkt. No. [35-4] at 25; Probate Hearing Transcript, Dkt. No. [35-4] at 7:8-22). Cooksey was told by the Judge to pursue his action and injunction in the Superior Court. (Probate Hearing Transcript, Dkt. No.

[35-4] at 12:20-22). However, no appeal or subsequent action in the Superior Court was ever taken. (Defendant Waters' Statement of Material Facts, ("Waters Mat. Facts"), Dkt. No. [35-4] at ¶17).

At some point during this dispute with the Maxwells, Plaintiff attempted to close on his property with his buyer.[3] (Pl.'s Compl., Dkt. No. 1 at ¶ 17). However, the lender's attorney–Alexander, Royston, Hardman, & Shinall, LLP ("ARSH")–found a defect in Plaintiff's title. (Defendant ARHS's Statement Material Facts ("ARHS Mat. Facts"), Dkt. No. [47-1] at ¶ 8). To remedy the issue, they provided Plaintiff with a corrective deed to be signed by his predecessor in interest–William Owensby. (Id. at ¶ 9). However, Plaintiff was unable to get this corrective deed executed. (Id. at ¶ 10). Without the corrective deed, ARHS recommended that the lender not close the loan. (Id. at ¶ 11). Plaintiff then brought this action against the Maxwells, Waters, and ARHS.

---

[3]Defendant ARHS characterizes the transaction as a refinance but the dispute is not material. See Alexander Aff., Dkt. No. [47-3] at ¶ 8.

## II. Discussion

### A. Summary Judgment

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

5

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, the filing of cross-motions for summary judgment does not give rise to any presumption that no genuine issues of material fact exist. Rather, "[c]ross-motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." Shaw Constructors v. ICF Kaiser Eng'rs, Inc., 395 F.3d 533, 538-39 (5th Cir. 2004).

Plaintiff has moved for summary judgment on his 42 U.S.C. §1985(3) and 42 U.S.C. §1986 claims, alleging that all Defendants conspired to prevent his access to courts and real property. Defendants Waters and ARHS filed cross-motions for summary judgment on the same claims. "Section 1985 provides a vehicle to redress conspiracies [which] interfere with civil rights." Farase v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003). Section 1985(3) contains four elements which Plaintiff must prove:

6

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Armstrong v. Friduss, 138 Fed. Appx. 189, 193 (11th Cir. 2005). "The Supreme Court has made it clear that Section 1985 does not itself create any substantive rights; rather, it serves only as a vehicle for vindicating specific federal rights and privileges which have been defined elsewhere." Benton v. Cousins Properties, Inc., 230 F. Supp. 2d 1351, 1383 (N.D. Ga. 2002) citing Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979).  To avoid becoming a "general federal tort law," "a claim under §1985(3) requires the proof of invidious discriminatory intent as well as the violation of a serious constitutional right protected not just from official, but also from private encroachment." Trawainski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002).

Section 1986 also makes actionable any conduct by a person who "has knowledge that any of the wrongs conspired to be done, and mentioned in [§1985] are about to be committed, and having the power to prevent or aid in

7

preventing the commission of the same, neglects or refuses to do so." Park v. City of Atlanta, 120 F.3d 1157, 1159 (11th Cir. 1997) quoting 42 U.S.C. §1986. Plaintiff claims that Defendants conspired to prevent his access to courts and his private land.[4]  None of these claims have merit.

As an initial matter, Plaintiff's private property right claim is not a "serious constitutional right" which is actionable under Section 1985. Brown v. Philip Morris, 250 F.3d 789, 805 (3d Cir. 2001) (holding that private property rights which are "vindicated by statute" are not protected by Section 1985). Rather, as Plaintiff himself notes, his issues with the Maxwells are most appropriately resolved under Georgia state law–a suit in the Superior Court. See Plaintiff's Motion for Summary Judgment ("Pl.'s Mot. S.J."), Dkt. No. [33-1] at 16 citing O.C.G.A. § 51-9-1 (authorizing a cause of action for interfering with private property enjoyment).

Further, there is no evidence that Plaintiff's right to access courts was infringed by any conspiracy.  First, there has been no deprivation of this right even assuming it is actionable.  Plaintiff admits to misfiling his claim in the

---

[4] This discussion will address the claims which are discernible from Plaintiff's initial complaint.

8

Probate Court.  See Pl.'s Mot. S.J., Dkt. No. [33-1] at 10 ("although it was the wrong court for Plaintiff").  There was no conspiracy; the Probate Judge's subject matter jurisdiction was limited to the enforcement of private rights of way up to twenty feet across and continuously used for seven years.  See O.C.G.A. §§44-9-40, 59; Probate Judge's Order, Dkt. No. [34-2] at 25.  It appears that Plaintiff may still file his claim in the Superior Court and seek redress–the Probate hearing was not on the merits.

But even if there was a deprivation, there is no evidence of a conspiracy. Plaintiff claims that the Maxwells and their attorney Waters conspired with Defendant ARHS–legal counsel for the bank.  But, Plaintiff has no evidence linking the parties in any sort of agreement.[5]  As to the attorneys in this case, ARHS and Waters, there is no evidence any of their conduct–asking for a continuance, representing parties in court, or completing a title check–was anything outside of appropriate client representation. As the Eleventh Circuit ruled in Farese, "as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a

---

[5] Additionally, Defendant ARHS is not even linked to the hearing which raises the access to courts claim.

9

§1985 conspiracy." Farese, 342 F.3d at 1232.  Therefore, neither ARHS nor Maxwell's conduct can be construed as conspiratorial as a matter of law.

But even still, there is no evidence that the Maxwells conspired to keep Plaintiff out of court.  In fact, it was the Probate Judge who *sua sponte* raised the jurisdictional challenge–before any of the Defendants had the ability to raise it.  Probate Hearing Transcript, Dkt. No. [34-2] at 7:8-22.  Moreover, there is no evidence that anyone's actions were taken because of Plaintiff's race.

Additionally, Plaintiff cannot mount a Section 1986 claim.  There was no deprivation of rights nor acts which were violative of Section 1985.  Therefore, Plaintiff's Motion for Summary Judgment (Dkt. No. [33-1]) is **DENIED** and Defendants Waters and ARHS's Motions for Summary Judgment (Dkt. Nos. [47-2], [35-1]) are **GRANTED**.

Based on the foregoing, this Court also notes *sua sponte* that no valid federal claim remains in this suit.  Therefore, this Court lacks subject matter jurisdiction and will **DISMISS**, **without prejudice** Plaintiff's remaining claims against Defendants Allan and Lora Maxwell.

10

B. Motions to Amend

Plaintiff has filed two Amended Complaints without permission of Defendants or this Court. See Dkt. Nos. [25], [32]. Federal Rule of Civil Procedure Rule 15 states:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. . .

FED. R. CIV. PRO. 15. Federal Rule 15 further provides, "leave shall be freely given when justice so requires." Id. Even so, granting leave to amend is not automatic. Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd., 79 F. 3d 480, 484 (5th Cir. 1996) ("approval of motion to amend is not automatic"); Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993) ("leave to amend is by no means automatic"); Faser v. Sears Roebuck & Co., 674 F.2d 856, 860(11th Cir. 1982). Indeed, district courts have "extensive

11

discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

Plaintiff filed his initial complaint on May 15, 2009 and waited to file his Amended Complaints until October 13, 2009 and November 12, 2009, respectively.  As such, Plaintiff required the permission of this Court or Defendants to file these amendments. See id. Defendants did not give such permission. See Defendants Allen and Lora Maxwell's Response to Plaintiff's Amended Pleadings, Dkt. No. [27] at 1; Defendant ARHS's Answer to Plaintiff's Amendment to Pleadings, Dkt. No. [30] at 1; Defendant Water's Response to Plaintiff's Motion to Add, Dkt No. [39] at 1.

This Court denies Plaintiff's requests to amend.  However, this Court did review the substance of  both amended pleadings and confirmed that no additional information contained therein would help Plaintiff mount his claims. As such, any amendment would be futile.   Plaintiff's Motion to Amend the

Pleadings (Dkt. No. [25]) and Plaintiff's Motion to Amend (Dkt. No. [32]) are hereby **DENIED**.

### C. Remaining Motions

Plaintiff additionally has filed: Plaintiff's Motion for Stenographic Recording or Transcription from a Nonparty [18], Plaintiff's Motion to Strike [19], and Plaintiff's Motion for Prohibitive Injunction Relief [22]. Initially, it appears Plaintiff's Motion for Stenographic Recording is now **MOOT** because Plaintiff referenced the recording's substance in his Motion for Summary Judgment and Defendant Waters, at a minimum, attached it as an exhibit to his Motion for Summary Judgment. See Defendant Water's Motion Summary Judgment, Dkt. No. [34-2].

Additionally, Plaintiff's Motion to Strike [19] is also improper. Under Federal Rule of Civil Procedure 12(f), the Court may strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the pleadings on its own motion or "on a motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleadings." FED. R. CIV. PRO. 12(f). Therefore, Plaintiff

13

AO 72A
(Rev.8/82)

had to file his motion to strike within 21 days after each Defendant filed its answer.

Here, Plaintiff's motion was untimely.  All Defendants filed their answers by August 24, 2009 but Plaintiff's Motion to Strike was not filed until September 22, 2009–clearly outside the 21 day window. See Dkt. Nos. [7], [10], [11], [12], [19].  Therefore, Plaintiff's Motion is **DENIED**. Finally, because Plaintiff's claims have been resolved against him in Summary Judgment, Plaintiff's Motion for Prohibitive Injunctive Relief is now rendered **MOOT**.

### III. Conclusion

Based on the foregoing, the following motions have been rendered **MOOT**: Plaintiff's Motion for Stenographic Recording or Transcription from a Nonparty [18] and Plaintiff's Motion for Prohibitive Injunction Relief [22]. Additionally, this Court **DENIES**  Plaintiff's Motion to Strike [19], Plaintiff's Motion to Amend the Pleadings [25], Plaintiff's Motion to Amend [32], and Plaintiff's Motion for Summary Judgment [33].

However, this Court **GRANTS** Defendant Water's Motion for Summary Judgment [35] and Defendant Alexander, Royston, Hardman & Shinall, LLP's

Motion for Summary Judgement [47]. Additionally, this Court *sua sponte* dismisses Plaintiff's remaining claims for lack of subject matter jurisdiction.

**SO ORDERED** this   28th   day of September, 2010.

_____
**RICHARD W. STORY**
United States District Judge